IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:24cv211-MHT |
| | ) | (WO) |
| A 2023 DODGE CHALLENGER, | ) | |
| BEARING VIN: | ) | |
| 2C3CDZFJ0PH511708, WITH | ) | |
| ALL APPURTENANCES AND | ) | |
| ATTACHMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

In this case, the government seeks forfeiture of a
vehicle it asserts was used to facilitate drug
distribution.  The clerk has entered default against
the car and all individuals with an interest in it.
However, there are problems with the complaint and the
motion for default judgment: they rely upon statutes
that do not apply, they incorrectly describe the
contents of the statutes they cite, and they do not
cite or mention the statutory provision that actually
authorizes the seizure of the car.

The complaint sets forth the basis for forfeiture as follows:

> "The defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished, or intended to be furnished, by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses; and any property, real or personal, used to facilitate violations of 21 U.S.C. § 841."

Verified Complaint (Doc. 1) at 2.  The motion for default judgment and decree of forfeiture repeats the error.  *See* Motion (Doc. 13) at 1, 4-5.

Most of the described provisions do not apply to the facts set forth in the complaint. The factual allegations of the complaint do not establish that anyone furnished or intended to furnish the car in exchange for drugs or that the car is traceable to

proceeds of a drug deal.  Moreover, the car obviously is not money, negotiable instruments, or the like.

The only part of the above-quoted language that arguably applies to the facts alleged in the complaint is the last part: that the car is "property, real or personal, used to facilitate violations of 21 U.S.C. § 841."* The problem is that this language is not contained in or otherwise derived from the statutory provisions cited by the government.  21 U.S.C. § 881(a)(6) authorizes the forfeiture of "moneys, negotiable instruments, and securities used or intended to be used to facilitate" drug sales; it does not apply to cars.  18 U.S.C. 981(a)(1)(C) authorizes the seizure of property, real or personal, that constitutes or derives from proceeds traceable to violations of certain statutes, not including 21 U.S.C. § 841.  The statute does not apply where there is no indication

---

* A car is considered personal property.

3

that the property was paid for with the proceeds of drug transactions.

Another provision does authorize forfeiture of the car used to transport drugs.  21 U.S.C. § 881(a)(4) authorizes the forfeiture of "[a]ll conveyances, including aircraft, *vehicles*, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" controlled substances. This provision is not mentioned in the complaint.

Arguably, due to the above-noted errors, the complaint did not provide proper notice of the basis for the forfeiture.

Accordingly, it is ORDERED that, within 14 days of today, the government shall file a response to this order addressing the above and proposing next steps in light of the above errors.

DONE, this the 1st day of October, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4