IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> A 2023 DODGE CHALLENGER, ) <br> BEARING VIN: ) <br> 2C3CDZFJ0PH511708, WITH ) <br> ALL APPURTENANCES AND ) <br> ATTACHMENTS THEREON, ) <br> ) <br>     Defendant. ) | CIVIL ACTION NO. <br> 2:24cv211-MHT <br> (WO) |

OPINION AND ORDER

Before the court is the government's second motion for default judgment and decree of forfeiture (Doc. 28). The court has considered the motion and will grant it for the following reasons.

On October 16, 2024, the government filed an amended verified complaint for forfeiture *in rem* (Doc. 19) alleging that the defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4), which provides for the seizure and forfeiture of all conveyances, including aircraft, vehicles, or vessels,

which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. § 841(a)(1).

Pursuant to a warrant of arrest *in rem* issued by the clerk of court on October 17, 2024 (Doc. 21), the defendant was served on November 1, 2024. *See* Warrant Returned Executed (Doc. 22).

On November 6, 2024, Jamarkus Hood was personally served with copies of the Notice of Amended Complaint for Forfeiture against Personal Property, Verified Amended Complaint for Forfeiture *in Rem*, and Warrant of Arrest *in Rem*.  *See* Warrant Returned Executed (Doc. 24).

On November 5, 2024, JPMorgan Chase Bank, NA was served with copies of the notice of amended complaint for forfeiture against personal property, verified

2

amended complaint for forfeiture *in rem*, and warrant of arrest *in rem*. *See* Certificate of Service (Doc. 23).

Notice of this civil forfeiture action against the defendant was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov), as evidenced by the declaration of publication filed with this court on January 10, 2025 (Doc. 25).

Pursuant to Rule G(5)(a)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), Jamarkus Hood was required to file a claim no later than 35 days after service on November 6, 2024. *See* Fed. R. Civ. P. Supp. Rule G. That time period expired on December 11, 2024. Pursuant to Supplemental Rule G(5)(a)(ii)(A), JPMorgan Chase Bank, NA was required to file a claim no later than 35 days after service on November 5, 2024. That time period expired on December 10, 2024. Pursuant to Supplemental Rule G(5)(a)(ii)(B), any parties unknown to the United States were required to

file a claim no later than 60 days after the first day of publication on an official internet government forfeiture site on November 5, 2024. That time-period expired on January 4, 2025.

Jamarkus Hood, JPMorgan Chase Bank, NA, nor any other person, has filed a claim or an answer to the complaint, or otherwise appeared or answered in this regard, and the time to do so has expired.

On January 30, 2025, the clerk of court entered default (Doc. 27) against Jamarkus Hood, JPMorgan Chase Bank, NA, and all other persons and entities having an interest in the defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to timely defend as required by law.

This court has subject-matter jurisdiction over this case. A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may

4

also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred.  The United States is the plaintiff in this civil forfeiture action and the acts giving rise to this action occurred in the Middle District of Alabama.

As the government established in its application and request to enter default (Doc. 26), the requirements for proper notice set forth in Supplemental Rule G were fully satisfied.  *See* Fed. R. Civ. P. Supp. Rule G.

Pursuant to Supplemental Rule G(5)(a) and (b), and the notice of forfeiture provided by the government, any claimant to the defendant vehicle was required to file a claim no later than 35 days after the written notice was sent, or 60 days after the first publication of notice on the official government website.  The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this court.

5

The factual allegations set forth in the amended verified complaint show that the defendant vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4), which provides for the seizure and forfeiture of all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. § 841(a)(1).

The factual allegations of the amended verified complaint are verified by Drug Enforcement Administration Task Force Officer Jacob L. Boddie, and they are undisputed. Consequently, hearings are not necessary to enter or effectuate the default judgment.

The government has shown that (a) the parties that have an interest in the defendant vehicle are in default; (b) default judgment is procedurally

warranted; and (c) it has sufficiently pled its basis for entry of default judgment.

***

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is ORDERED that the government's second motion for default judgment (Doc. 28) is granted.

A default judgment will be entered separately.

DONE, this the 10th day of February, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

7